## IN THE CIRCUIT COURT FOR HOWARD COUNTY

OLUWAKEMI ADE-FOSUDO
8877 STONYBROOK LANE,
COLUMBIA, MD 21046

    *on their own behalf and on behalf of*
*all others similarly situated,*

       *Plaintiff,*

       v.

ULTA SALON, COSMETICS &
FRAGRANCE, INC.
1135 ARBOR DRIVE
ROMEOVILLE, IL 60446

**Serve on**:

    CSC-LAWYERS INCORPORATING
    SERVICE COMPANY
    7 ST. PAUL STREET
    SUITE 820
    BALTIMORE, MD 21202

       *Defendant*.

---

**JURY TRIAL REQUESTED**

Case No. <u>C-13-CV-25-000960</u>

---

## CLASS ACTION COMPLAINT

### I.    PRELIMINARY STATEMENT

    1.    This is a class action against Defendant Ulta Salon, Cosmetics & Fragrance, Inc. ("Ulta") for false and misleading email marketing.

    2.    Ulta sends marketing emails to Maryland consumers which contain false or misleading information in the subject lines. For example, Ulta sends emails with subject lines informing the recipient that the recipient is getting a "free" gift. In reality, however, the gift is entirely and completely contingent on the recipient making a purchase.

3.     The fact that such "free gift" statements are false and misleading has been recognized by the Federal Trade Commission, which directs that sellers should not make representations that a product can be obtained for "free" unless "all the terms, conditions and obligations upon which receipt and retention of the 'Free' item are contingent [are] set forth clearly and conspicuously *at the outset of the offer* so as to leave no reasonable probability that the terms of the offer might be misunderstood." 16 C.F.R. § 251(c) (emphasis added) (also stating that "disclosure of the terms of the offer set forth in a footnote of an advertisement to which reference is made by an asterisk or other symbol placed next to the offer, *is not regarded as making disclosure at the outset*.") (emphasis added); *see also Brown v. Old Navy, LLC*, 567 P.3d 38 (Wash. 2025) (recognizing that emails with false or misleading information in the subject lines violate Washington's Commercial Electronic Mail Act, Revised Code of Wash., § 19.190.020, *et seq*.).

4.     Ulta's practice of sending emails about sales with fictional time limits, fake extensions, and more illusory special offers violates the Maryland Commercial Electronic Mail Act, Maryland Code Annotated, Commercial Law §§ 14-3001 *et seq*. ("MCEMA").

5.     By sending emails with subject lines containing false and misleading information to Named Plaintiff and the Class (defined below), Ulta violates MCEMA.

6.     By sending these false and misleading emails, Ulta intends to deceive the recipients.

7.     Named Plaintiff brings this action as a class action on behalf of persons residing in Maryland, to whom Ulta sent emails with false and/or misleading subject lines. Named Plaintiff's requested relief includes an award to Named Plaintiff and Class members of statutory and exemplary damages for each illegal email, and an award of attorneys' fees and costs.

## II.     <u>JURISDICTION</u>

8.     The Circuit Court of Maryland has jurisdiction over this case under MD. CODE ANN., CTS. & JUD. PROC. § 1-501.

9.     The Circuit Court of Maryland has personal jurisdiction over Defendant Ulta pursuant to MD. CODE ANN., CTS. & JUD. PROC. § 6-103(1)-(3), as Ulta systematically and continually transacts business in Maryland, maintains leases in the state of Maryland, operates stores located in the state of Maryland, the case arises, in part, out of a transaction that took place within Maryland, and Ulta contracts to supply goods or services in Maryland.

## III.    PARTIES

10.     Named Plaintiff Oluwakemi Ade-Fosudo ("Named Plaintiff Ade-Fosudo") is a natural person currently residing at 8877 Stonebrook Lane, Columbia, MD 21046 (Howard County).

11.     Defendant Ulta is a Delaware corporation doing business within this state and with its principal place of business located at 1135 Arbor Drive, Romeoville, IL 60446.

## IV.    FACTUAL ALLEGATIONS

### A.    MCEMA prohibits initiating or conspiring to initiate the transmission of commercial e-mails with false or misleading information in the subject lines.

12.     MCEMA, by its terms, regulates deceptive email marketing.

13.     MCEMA was enacted to protect consumers' interests in being free from deceptive commercial e-mails.

14.     An injury occurs under MCEMA any time a commercial e-mail is transmitted that contains false or misleading information in the subject line.

15.     Under MCEMA, it is irrelevant whether misleading commercial e-mails were solicited.

16.    MCEMA creates an independent, limited, private of right of action, which can be asserted by a person who is the recipient of a commercial electronic mail message which contains false or misleading information in the subject line that has the capacity, tendency, or effect of deceiving the recipient. *See, e.g.,* MCEMA § 14-3003.

17.    Violations of MCEMA creates standalone causes of action.

**B.  Ulta initiated (or conspired to initiate) the transmission of commercial e-mails with false or misleading subject lines.**

18.    Ulta has initiated (or conspired to initiate) the transmission of commercial electronic mail messages with false or misleading information in the subject lines to Named Plaintiff and members of the Class.

19.    The emails were electronic mail messages, in that they were each an electronic message sent to an electronic mail address; the emails from Ulta also referred to an internet domain, whether or not displayed, to which an electronic mail message can or could be sent or delivered.

20.    Ulta sent the emails for the purpose of promoting its goods for sale.

21.    The emails were sent at Ulta's direction and were approved by Ulta.

22.    Ulta emails frequently advertise "free gifts" in their subject lines. For example, Ulta sent Named Plaintiff an email with a subject line, "5X points in app + FREE 7 PC dry shampoo gift[.]" However, in order to obtain the gift, Named Plaintiff would have had to spend $70. Thus, the gift was not "free," and the subject line was false and/or misleading. It is not clear by examining the subject line that the "free" gift is contingent upon the recipient making a $70 purchase. In fact, if a consumer sees this subject line and makes a purchase of $69.99 or less, the consumer will not be given the free gift.

23.     Ulta designs the subject lines of its marketing emails to tap into consumer urges to obtain free products, and in doing so, attempts to induce consumers into spending more money than they otherwise would.

24.     And if the consumer chooses not to satisfy the minimum spend, then the consumer will not, in fact, receive the promised free gift, regardless of whether or not the consumer makes a purchase in an amount under the requisite minimum spend.

25.     Ulta violates MCEMA because many of the statements in the email subject lines are false and/or misleading. The facts alleged below show the types of false and misleading email subject lines Ulta sends to consumers.

## C.     Ulta Sends Commercial Emails to Consumers Whom It Knows, Or Has Reason to Know, Reside In Maryland.

26.     Ulta sent the misleading commercial emails to email addresses that Ulta knew, or had reason to know, were held by Maryland residents, either because (i) Ulta had a physical address that was associated with the recipient based on past purchases; (ii) Ulta had access to data regarding the recipient indicating which state they resided in; or (iii) information was available to Ulta upon request from the registrant of the internet domain name contained in the recipient's electronic mail address.

27.     Ulta knows where many of its customers reside through several methods.

28.     First, for any person that places an order online from Ulta, Ulta associates an email address with a shipping address and/or billing address for that order.

29.     Second, Ulta encourages online shoppers to create online accounts. Customers save information in their Ulta accounts along with their email address, such as shipping addresses, billing addresses, and phone numbers.

30.    Third, discovery will show that Ulta employs methods to track the effectiveness of its marketing emails and to identify consumers that click on links contained in Ulta's marketing emails, including by identifying their physical location. For example, discovery will also show that Ulta gathers information such as geocoordinates and IP addresses from individuals who click on links in Ulta commercial emails, and that Ulta can use such information to determine whether the recipient is in Maryland.

31.    Fourth, Ulta also utilizes cookies, pixels, and other online tracking technologies to identify and locate the consumers that click on links contained in Ulta's marketing emails and that visit its website. For example, Ulta has installed the Meta Pixel on its website, which identifies website visitors and can identify specific Facebook and Instagram users that visit the Ulta website; information that can be associated with the data collected by Meta on where that consumer resides. Ulta also employs tracking technologies provided by Google, Inc., Yahoo! Inc., FullStory, Inc., Twitter, Inc., Microsoft, Inc., and others that may be able to locate consumers in Maryland.

32.    Fifth, discovery will also show that Ulta employs sophisticated third parties who create profiles of customers and potential customers, including their email address and physical location.

33.    Lastly, Ulta also knew, should have known, or had reason to know that it sends marketing emails to Maryland residents due to its large presence in the state and the volume of marketing emails it sends to people around the country.

34.    Discovery will show that, at the time it sent the emails with false and misleading subject lines, Ulta had access to the data described above regarding the location of consumers in Maryland to whom it sent the emails.

**D.**  **Ulta initiated (or conspired to initiate) the transmission of illegal emails to Named Plaintiff and members of the Class.**

35.    At all times relevant to this Complaint, Named Plaintiff Ade-Fosudo resided in Maryland.

36.    Named Plaintiff receives emails from Ulta at a gmail.com email address.

37.    Ulta knows, or has reason to know, that Named Plaintiff Ade-Fosudo's email address is held by a Maryland resident. Named Plaintiff Ade-Fosudo has an account with Ulta reflecting her home address in the State of Maryland. Named Plaintiff Ade-Fosudo has made several purchases (unrelated to the allegations contained within this Complaint) from the Ulta website that have been delivered to her home in Maryland and she has shopped in Ulta stores in Maryland with her account.

38.    Ulta sent the following emails to Named Plaintit (hereinafter the "Subject Emails") (emojis omitted):

   a.   Ulta sent Named Plaintiff Ade-Fosudo an email with the subject line: "FREE 4 PC gift & 50% off Beauty Steals." However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $40 on skin care products. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of MCEMA.

   b.   Ulta sent Named Plaintiff Ade-Fosudo an email with the subject line: "Choose from 3 FREE 26 PC gifts!" However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $75. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of MCEMA.

   c.   Ulta sent Named Plaintiff Ade-Fosudo an email with the subject line: "5X points + FREE 11 PC gift [] all for YOU!" However, in order to obtain the

"free" gift, Named Plaintiff would have had to spend a minimum of $60. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of MCEMA.

d.   Ulta sent Named Plaintiff Ade-Fosudo an email with the subject line: "FREE 4 PC Dermalogica gift for you." However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $50. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of MCEMA.

e.   Ulta sent Named Plaintiff Ade-Fosudo an email with the subject line: "New from Fenty + FREE 4 PC gift." However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $50. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of MCEMA.

f.   Ulta sent Named Plaintiff Ade-Fosudo an email with the subject line: "Top offers you don't wanna miss [] + FREE gift!" However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $60. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of MCEMA.

g.   Ulta sent Named Plaintiff Ade-Fosudo an email with the subject line: "FREE 4 PC Bumble and bumble gift." However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $50. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of MCEMA.

h.  Ulta sent Named Plaintiff Ade-Fosudo an email with the subject line: "FREE 4 PC Sol de Janeiro gift." However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $65. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of MCEMA.

i.  Ulta sent Named Plaintiff Ade-Fosudo an email with the subject line: "HUGE deals + FREE 13 PC gift for members." However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $90. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of MCEMA.

j.  Ulta sent Named Plaintiff Ade-Fosudo an email with the subject line: "For you: FREE gift, new drops & exclusive beauty." However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $90. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of MCEMA.

k.  Ulta sent Named Plaintiff Ade-Fosudo an email with the subject line: "FREE 3 PC full size gift from The Ordinary." However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $50. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of MCEMA.

l.  Ulta sent Named Plaintiff Ade-Fosudo an email with the subject line: "Up to $20 off + FREE 5 PC Lancôme gift." However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $50. Therefore,

the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of MCEMA.

m.  Ulta sent Named Plaintiff Ade-Fosudo an email with the subject line: "Cue the fireworks [] FREE 12 PC gift is inside!" However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $60. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of MCEMA.

n.  Ulta sent Named Plaintiff Ade-Fosudo an email with the subject line: "FREE 4 PC Clarins gift + 2X points." However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $50. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of MCEMA.

o.  Ulta sent Named Plaintiff Ade-Fosudo an email with the subject line: "10% OFF + FREE 12 PC gift + TWO more days of DEALS!" However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $90. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of MCEMA.

p.  Ulta sent Named Plaintiff Ade-Fosudo an email with the subject line: "FREE 4 PC Shiseido gift + 10% off!" However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $50. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of MCEMA.

q.  Ulta sent Named Plaintiff Ade-Fosudo an email with the subject line: "Choose your FREE clean makeup gift from PÜR or Jane Iredale." However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $60. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of MCEMA.

r.  Ulta sent Named Plaintiff Ade-Fosudo an email with the subject line: "A PRIME deal [] FREE gifts + 10% off + FREE shipping." However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $70. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of MCEMA.

s.  Ulta sent Named Plaintiff Ade-Fosudo an email with the subject line: "FREE 4 PC Tarte gift inside [] and 10% off!" However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $50. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of MCEMA.

t.  Ulta sent Named Plaintiff Ade-Fosudo an email with the subject line: "It's PRIME time [] FREE 5 PC Live Tinted gift + 10% off." However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $60. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of MCEMA.

u.  Ulta sent Named Plaintiff Ade-Fosudo an email with the subject line: "FREE 20 PC gift for you + everything you need for rush." However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $80.

- 11 -

Therefore, the gift was not "free," and thus the information in the subject line
of this email was false and/or misleading, in violation of MCEMA.

v.   Ulta sent Named Plaintiff Ade-Fosudo an email with the subject line: "All the
things: FREE gift +10% OFF." However, in order to obtain the "free" gift,
Named Plaintiff would have had to spend a minimum of $80. Therefore, the gift
was not "free," and thus the information in the subject line of this email was
false and/or misleading, in violation of MCEMA.

w.   Ulta sent Named Plaintiff Ade-Fosudo an email with the subject line: "FREE 3
PC Briogeo gift is YOURS." However, in order to obtain the "free" gift, Named
Plaintiff would have had to spend a minimum of. Therefore, the gift was not
"free," and thus the information in the subject line of this email was false and/or
misleading, in violation of MCEMA.

x.   Ulta sent Named Plaintiff Ade-Fosudo an email with the subject line: "Up to
50% off + FREE gifts [] Ready, Set for School!" However, in order to obtain
the "free" gift, Named Plaintiff would have had to spend a minimum of $50.
Therefore, the gift was not "free," and thus the information in the subject line
of this email was false and/or misleading, in violation of MCEMA.

y.   Ulta sent Named Plaintiff Ade-Fosudo an email with the subject line: "FREE
11 PC gift to prep for back to school." However, in order to obtain the "free"
gift, Named Plaintiff would have had to spend a minimum of $50. Therefore,
the gift was not "free," and thus the information in the subject line of this email
was false and/or misleading, in violation of MCEMA.

- 12 -

z.  Ulta sent Named Plaintiff Ade-Fosudo an email with the subject line: "Celebrate National Lipstick Day with a FREE 8 PC gift + up to $20 off." However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $60. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of MCEMA.

aa. Ulta sent Named Plaintiff Ade-Fosudo an email with the subject line: "FREE deluxe 4 PC Buxom gift limited time only!" However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $50. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of MCEMA.

bb. Ulta sent Named Plaintiff Ade-Fosudo an email with the subject line: "FREE 12 PC gift + 5X points." However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $80. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of MCEMA.

cc. Ulta sent Named Plaintiff Ade-Fosudo an email with the subject line: "FREE 9 PC fragrance gift + 5X points on Clinique Happy!" However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $65. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of MCEMA.

dd. Ulta sent Named Plaintiff Ade-Fosudo an email with the subject line: "get a FREE 4 PC gift + lip gloss-limited time only!" However, in order to obtain the

"free" gift, Named Plaintiff would have had to spend a minimum of $65. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of MCEMA.

ee. Ulta sent Named Plaintiff Ade-Fosudo an email with the subject line: "FREE 4 PC Laura Mercier gift inside." However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $60. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of MCEMA.

ff. Ulta sent Named Plaintiff Ade-Fosudo an email with the subject line: "FREE Bubble skin care? YES WAY." However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $50. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of MCEMA.

gg. Ulta sent Named Plaintiff Ade-Fosudo an email with the subject line: "FREE 19 PC gift (a $95 value!)." However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $75 on a fragrance. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of MCEMA.

hh. Ulta sent Named Plaintiff Ade-Fosudo an email with the subject line: "For you: $10 OFF + FREE 19 PC gift." However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $75 on a fragrance. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of MCEMA.

ii.  Ulta sent Named Plaintiff Ade-Fosudo an email with the subject line: "FREE 15 PC gift + up to 40% off + sooo much newness." However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $75. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of MCEMA.

jj.  Ulta sent Named Plaintiff Ade-Fosudo an email with the subject line: "Up to 40% off + FREE 24 PC GIFT + up to $20 off." However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $90. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of MCEMA.

kk.  Ulta sent Named Plaintiff Ade-Fosudo an email with the subject line: "LAST CHANCE: Cyber Monday deals + $10 off + FREE gift!" However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $90. Additionally, in order to get the promised $10 off, Named Plaintiff would have had to spend at least $50 on other products.. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of MCEMA.

ll.  Ulta sent Named Plaintiff Ade-Fosudo an email with the subject line: "FREE gift + up to $20 OFF + our holiday gift guide." However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $85. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of MCEMA.

- 15 -

mm.    Ulta sent Named Plaintiff Ade-Fosudo an email with the subject line: "5X points in app + FREE 7 PC dry shampoo gift." However, in order to obtain the "free" gift, Named Plaintiff would have had to spend a minimum of $70. Therefore, the gift was not "free," and thus the information in the subject line of this email was false and/or misleading, in violation of MCEMA.

39.    Ulta sent the email identified in Paragraphs 38(a) through (mm) (hereinafter the "Subject Email") to Named Plaintiff Ade-Fosudo for the purpose of promoting Ulta's goods for sale.

40.    Ulta initiated the transmission or conspired to initiate the transmission of the Subject Email to Named Plaintiff Ade-Fosudo.

41.    As shown in Paragraph 38(a) through (nn), Named Plaintiff has identified 39 emails with false or misleading subject lines sent to Named Plaintiff by Ulta.

## V.    CLASS ACTION ALLEGATIONS

42.    Named Plaintiff brings this action, both individually and as a class action, on behalf of similarly situated recipients of commercial electronic mail sent by Ulta pursuant to Maryland Rule 2-231(c)(3) and seek to represent the following Class, defined as:

> **All Maryland residents to whom Ulta sent, within four years before the date of the filing of this complaint until the date of trial, an email with a subject line that states or implies that the recipient of the email will be given a free product.**

Excluded from the Class are Defendant, as well as Defendant's affiliates, employees, officers and directors, and the Judge to whom this case is assigned.

43.    The Class, as defined above, is identifiable. Named Plaintiff is a member of the Class.

44.     The Class consists, at a minimum, of 50 consumers and is thus so numerous that joinder of all members is clearly impracticable.

45.     There are questions of law and fact which are not only common to the Class, but which predominate over any questions affecting only individual members of the Class.

46.     With respect to the Class, the common and predominating questions include, but are not limited to:

(a)     Whether the emails Ulta sent to the Class are subject to MCEMA § 14-3001, *et seq.*;

(b)     Whether the subject lines of emails sent by Ulta contain false or misleading information that has the capacity, tendency, or effect of deceiving the recipient, in violation of MCEMA § 14-3002;

(c)     Whether Ulta is subject to the $500 penalty set forth in MCEMA § 14-3003 for each of email it sends containing false or misleading information in the subject line; and

(d)     The nature and extent of Class-wide injury and damages.

47.     Claims of Named Plaintiff are typical of the claims of the respective members of the proposed Class and are based on and arise out of similar facts constituting the wrongful conduct of Defendant.

48.     Named Plaintiff will fairly and adequately protect the interests of the proposed Class.

49.     Named Plaintiff is committed to vigorously litigating this matter.

50.     Further, Named Plaintiff has secured counsel experienced in handling consumer class actions and complex consumer litigation.

51.     Neither Named Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this claim.

52.     Common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class. MD. RULE 2-231(c)(3).

53.     A class action is the superior method for fair and efficient adjudication of the controversy. MD. RULE 2-231(c)(3).

54.     The likelihood that individual members of the proposed Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

55.     The likelihood that individual members of the proposed Class will prosecute separate actions is remote also because each individual claim involves a relatively small amount.

56.     Counsel for Named Plaintiff and the proposed Class is experienced in class actions and foresees little difficulty in the management of this case as a class action.

## VI.     CAUSE OF ACTION

### COUNT ONE
### (VIOLATION OF MARYLAND COMMERCIAL ELECTRONIC MAIL ACT § 14-3001, *ET SEQ.*)
### (**Maryland Class**)

57.     Named Plaintiff re-alleges and incorporates by reference the allegations set forth herein, and further alleges:

58.     Maryland Commercial Electronic Mail Act ("MCEMA") § 14-3001 defines "Commercial Electronic Mail" as "electronic mail that advertises real property, goods, or services for sale or lease."

59.     The Subject Emails are "Commercial Electronic Mail," as the purpose of those emails was to advertise goods or services for sale.

60.     MCEMA § 14-3002(b) contains the following prohibition related to Commercial

Electronic Mail: "A person may not initiate the transmission [that] is sent to an electronic mail address that the sender knows or should have known is held by a resident of the State[, which] [c]ontains false or misleading information in the subject line that has the capacity, tendency, or effect of deceiving the recipient."

61.    Ulta is the person that initiated the transmission of the Subject Emails.

62.    MCEMA § 14-3002(c) contains the following presumption: "[a] person is presumed to know that the intended recipient of commercial electronic mail is a resident of the State if the information is available on request from the registrant of the Internet domain name contained in the recipient's electronic mail address."

63.    Information concerning the residency of Named Plaintiff Ade-Fosudo and members of the Class is (and was) available on request from the registrant of the Internet domain name contained in Named Plaintiff Ade-Fosudo's and members of the Class's electronic mail address.

64.    Named Plaintiff Ade-Fosudo and members of the Class have provided Ulta with a shipping address and/or billing address and/or phone numbers with respect to orders (unrelated to the allegations in this Complaint) made by Named Plaintiff Ade-Fosudo and members of the Class.

65.    Named Plaintiff Ade-Fosudo and members of the Class created online accounts, where they saved information regarding their shipping address, billing address, and phone numbers.

66.    At the time it sent the Subject Emails, Ulta had access to the data described above regarding the location of consumers in Maryland to whom it sent the emails.

67.    Defendant had reason to believe that all individuals (a) with a Maryland based area code, including 240, 301, 410, 443, or 667 were residents of Maryland at the time the Subject

Emails were sent; and (b) who signed up to receive Ulta emails inside of a Ulta store located within Maryland were residents of Maryland at the time those emails were sent.

68.    Named Plaintiff Ade-Fosudo and members of the Class are and were, in fact, residents of Maryland at the time Ulta transmitted the Subject Emails.

69.    Named Plaintiff Ade-Fosudo and members of the Class were the intended recipients of the Subject Emails.

70.    Ulta knew or should have known that Named Plaintiff Ade-Fosudo and members of the Class, the intended recipients of the aforementioned emails, are (and were) residents of the State of Maryland when Ulta sent the emails.

71.    MCEMA § 14-3003(c) provides that "[a] person who violates this subtitle is liable for reasonable attorney's fees and for damages... [t]o the recipient of commercial electronic mail, in an amount equal to the greater of $500 or the recipient's actual damages[.]"

72.    Under MCEMA, it is irrelevant whether the aforementioned emails were solicited.

73.    In violation of MCEMA § 14-3002, the aforementioned emails contained a subject line with false or misleading information, in the ways described in Paragraphs 38(a) through (mm).

74.    Ulta's sending of each Subject Email is a discrete violation of MCEMA § 14-3002.

## **PRAYER FOR RELIEF**

WHEREFORE, Named Plaintiff respectfully prays for judgment as follows:

A.    An order assuming jurisdiction of this case;

B.    an order certifying the Class under Maryland Rule 2-231(c)(3);

C.    an order appointing Named Plaintiff Ade-Fosudo as representative of the Class, and undersigned counsel as Class counsel for the Class;

D.      an order awarding statutory damages of $500 per violation, where applicable;[1] and

E.      an award of statutory attorneys' fees, where applicable;

F.      an award of pre-judgment and post-judgment interest on all sums awarded to Named Plaintiff and the members of the proposed Class; and

G.      award such other relief as the court deems appropriate.

VII. **<u>DEMAND FOR JURY TRIAL</u>**

Named Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

The Toppe Firm, LLC

Dated: October 2, 2025                    **/s/ Jeffrey C. Toppe**
                                          Jeffrey C. Toppe, Esq. (CPF #1412180230)
                                          4900 O'Hear Avenue, Ste. 100
                                          North Charleston, SC 29405
                                          (323) 909-2011
                                          jct@toppefirm.com

                                          **Attorney for Named Plaintiff**

---

[1] Pursuant to Maryland Rule 2-305, Named Plaintiff states that her individual claim for relief totals $19,500 (39 emails x $500 per email = $19,500).

- 21 -

## <u>CERTIFICATION PURSUANT TO MARYLAND RULE 1-313</u>

I, Jeffrey C. Toppe, hereby certify that I am an attorney in good standing within the State

of Maryland, and I have been licensed to practice law in the State of Maryland since December

18, 2014. My Client Protection Fund number is CPF #1412180230.


<u>**/s/ Jeffrey C. Toppe**</u>
Jeffrey C. Toppe, Esq. (CPF #1412180230)
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011
jct@toppefirm.com

**Attorney for Named Plaintiff**