**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **OLUWAKEMI ADE-FOSUDO, *et al.*,**<br><br>***Plaintiffs*,**<br><br>**v.**<br><br>**ULTA SALON, COSMETICS & FRAGRANCE, INC.,**<br><br>***Defendant*.** | **Civil No.: 1:25-cv-04188-JRR** |

**MEMORANDUM AND ORDER**

Pending now before the court is Plaintiffs' Motion for Attorneys' Fees at ECF No. 29 (the "Fees Motion") and Defendant's Motion for Sanctions at ECF No. 32 (the "Sanctions Motion"). By way of background, Plaintiffs initiated the instant class action alleging violation of the Maryland Commercial Electronic Mail Act ("MCEMA") in the Circuit Court for Howard County, Maryland. (ECF No. 1.) Defendant removed the action from the state court on December 18, 2025, under the Class Action Fairness Act, and subsequently moved to dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6). (ECF Nos. 1, 19.) Defendants did not challenge Plaintiffs' Article III standing pursuant to Rule 12(b)(1), and Plaintiffs' opposition similarly did not address it, although Plaintiffs' Complaint asserts they "do not have Article III standing to pursue their claims in federal court." (ECF Nos. 19, 20, 4.) At no point have Plaintiffs sought to remand this action.[1]

On June 30, 2026, Defendant filed its unopposed motion to remand, noting that this court's ruling on Article III standing and remand in a related case—*Mulanena v. Ulta Salon, Cosmetics &*

[1] On June 21, 2026, two months following completion of briefing on the motion to dismiss, Plaintiffs filed a Notice of Supplemental Authority advising of "similar action[s]" that recently had been remanded by this court due to lack of Article III standing. (ECF No. 26.) The notice did not expressly request remand, and Plaintiffs did not join Defendant's motion to remand.

*Fragrance, Inc.*, No. 1:25-cv-03753-JRR—was dispositive of the issue here; Defendant sought remand because the court's ruling in *Mulanena* applied similarly to the instant matter. (ECF No. 27.) The court granted that motion to remand on July 1, 2026. (ECF No. 28.) Two weeks later, Plaintiffs filed the instant Fees Motion pursuant to 28 U.S.C. § 1447(c). Defendant then filed its Sanctions Motion pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927. (ECF No. 32.)

**I. Fees Motion**

In full, 28 U.S.C. § 1447(c) provides:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

28 U.S.C. § 1447(c).

"Section 1447(c) authorizes courts to award costs and fees, but only when such an award is just." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 138 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Black v. Mantei & Assocs., Ltd.*, 145 F.4th 528, 534 (4th Cir. 2025) (quoting *Martin*, 546 U.S. at 141). "[E]ven when removal was improper, 'fees should be denied' so long as the removal was 'objectively reasonable.'" *Id.* (quoting *Martin*, 546 U.S. at 141). "[F]or a removal to be objectively unreasonable, it must be more than wrong." *Id.* at 538. "[D]istrict courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case," consistent with the purpose of § 1447(c). *Martin*, 546

U.S. at 141. "The appropriate test for awarding fees under § 1447(c) should recognize Congress' desire to deter removals intended to prolong litigation and impose costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 133.

Because the court finds that Defendant's removal of the instant action was not objectively unreasonable, the court will deny the Fees Motion. Although the court may not ultimately have found Defendant's position to be meritorious for the reasons set forth in *Mulanena v. Ulta Salon, Cosms. & Fragrance, Inc.*, No. 1:25-CV-03753-JRR, 2026 WL 1214932 (D. Md. May 4, 2026), the court is not persuaded that removal was objectively unreasonable, which is to say that it was "more than wrong." *Black*, 145 F.4th at 534, 538, *supra*. *See Univ. of Maryland Med. Sys. Corp. v. Maryland Care, Inc.*, No. CV 25-2319-BAH, 2026 WL 765813, at *9 (D. Md. Mar. 18, 2026) ("Awarding attorney's fees in removal cases is rare, with many courts in this district denying attorney's fees even when granting motions to remand.") (quoting *Hyatt v. Johns*, Civ. No. GJH-16-2912, 2017 WL 2937940, at *4. (D. Md. July 10, 2017)). Indeed, as Defendant notes, there was no binding authority that foreclosed its position that removal was proper, and the opinions appended to Plaintiffs' notice of supplemental authority were all issued after Defendant's removal of this action. *See* ECF No. 26. There is also no evidence that Defendant "removed this case for the purpose of prolonging litigation or increasing costs born by [Plaintiffs]." *Univ. of Maryland Med. Sys. Corp.*, 2026 WL 765813, at *9 (citing *Johnson v. State Farm Mut. Ins. Co.*, Civ. No. DKC-17-2347, 2017 WL 5668075, at *1 (D. Md. Nov. 27, 2017)). Finally, that Defendant did not agree with Plaintiffs' assertion of a legal conclusion in their Complaint—that they have Article III standing—is, without more and in the absence of binding authority, the stuff of litigation and the

reality of our adversary system; it does not support that Defendant's countervailing position is objectively unreasonable.

Plaintiffs' request for attorneys' fees is curious. Plaintiffs take the position that Defendant's removal was improper when made yet did not move to remand; they never advanced the substantive arguments that underlie Defendant's motion for remand or their Fees Motion. Where Plaintiffs did not challenge removal, and the undisputed record before the court indicates that they intended to avail themselves of this court at least through ruling on Defendant's separately filed motion to dismiss despite taking the position that this court lacked jurisdiction, *see* Toppe Decl., ECF No. 31-1 ¶ 5, it is hard for this court to square their present position that Defendant's removal was objectively unreasonable,[2] especially where Plaintiffs did not even join in the request to remand.[3]

In view of the foregoing, the court will deny the Fees Motion.

## II. Sanctions Motion

Federal Rule of Civil Procedure 11(b) requires that an attorney who presents a motion to the court "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that, among other things, the motion "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," and the legal contentions therein "are warranted by existing law or

---

[2] Plaintiffs represent in reply that they were faced with "two bad options"—either "(1) move to remand, and in doing so file an affirmative brief arguing against her own injury," or (2) "litigate in a forum [they] never chose and hope the court catches on to the jurisdictional defect on its own." (ECF No. 31 at p. 9.) Again, such quandaries are the stuff of litigation.

[3] Although not dispositive, it is not clear what reasonable expenses Plaintiffs have expended based on the purported improper removal. They did not move to remand; they apparently preferred the court to rule on the Rule 12(b)(6) motion; and they elected not to join Defendant's motion to remand. While the court appreciates that Plaintiffs request only an order that they are entitled to fees and inviting a fee petition, in addition to their proposed order which announces that removal was objectively unreasonable (it was not), *see* ECF No. 29-1, the plain text of the statute explicitly ties an award of fees to "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." FED. R. CIV. P. 11(b)(1), (2). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." FED. R. CIV. P. 11(c). In determining whether an argument has been presented for an "improper purpose," the court "must judge the conduct of counsel under an objective standard of reasonableness rather than assessing subjective intent." *In re Kunstler*, 914 F.2d 505, 518 (4th Cir. 1990) (citations omitted). "Because a motion for sanctions demands the Court's immediate attention and consumes limited resources, such a motion is appropriate only in instances of egregious misconduct." *Scott v. Lori*, No. CV ELH-19-2014, 2020 WL 906351, at *2 (D. Md. Feb. 24, 2020); *see Fitch v. St. Paul's Sch. for Girls*, No. CV SAG-24-00938, 2025 WL 1346605, at *3 (D. Md. May 8, 2025) (same). "The choice to impose sanctions under Rule 11 is within the court's discretion." *Fitch*, 2025 WL 1346605, at *3.

Relatedly, 28 U.S.C. § 1927 provides: "Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Section 1927 "permits sanctions only for bad-faith conduct that wrongfully multiplies proceedings." *Six v. Generations Fed. Credit Union*, 891 F.3d 508, 520 (4th Cir. 2018). Bad faith is more than "simply bad judgment or negligence," and instead "implies the conscious doing of a wrong because of a dishonest purpose or moral obliquity." *Boshea v. Compass Mktg., Inc.*, No. CV ELH-21-309, 2025 WL 3033933, at *15 (D. Md. Oct. 30, 2025), *reconsideration denied,* No. ELH-21-309, 2026 WL 237321 (D. Md. Jan. 29, 2026), and *aff'd sub nom.*, 2026 WL 1146889

(4th Cir. Apr. 28, 2026), and *aff'd sub nom.*, 2026 WL 1146889 (4th Cir. Apr. 28, 2026) (quoting *Akintola v. Backgroundchecks.com, LLC*, GLH-21-897, 2022 WL 2818948, at *6 (D. Md. July 19, 2022)).

In the same vein as the court's reasoning above, the court does not find that Plaintiffs or their counsel acted with an improper purpose or in bad faith in bringing the Fees Motion. While Plaintiffs' choices in this action may raise questions about the soundness of their litigation strategy, the court is not persuaded that filing a statutorily-authorized motion for attorneys' fees smacks of bad faith, improper purpose, or frivolity. This is especially the case where there existed persuasive authority contrary to Defendant's position on the issue of remand. *See Asabre v. Retail Servs. & Sys., Inc.*, No. PWG-22-148, 2022 WL 4326536, at *2 (D. Md. Sept. 19, 2022); *see also Norvor v. National Apartment Ass'n*, No. CV DKC 25-3436, 2026 WL 2408785, at *4 (D. Md. Aug. 18, 2026) (noting that "a single filing" does "not even approach the high bar for § 1927 sanctions"). The court will therefore also deny the Sanctions Motion.

## III. Conclusion and Order

In view of the foregoing, it is this 23rd day of September 2026,

**ORDERED** that the Fees Motion (ECF No. 29) and the Sanctions Motion (ECF No. 32) shall be, and are hereby, **DENIED**.

/S/

______________________
Julie R. Rubin
United States District Judge